Argued and submitted September 13, reversed and remanded with instructions to enter amended judgment; otherwise affirmed November 13, 1991

Helen FORD,
*Respondent,*

*v.*

Beverly Ann GRIMES,
*Appellant.*

(90CV031; CA A66552)

820 P2d 904

Maurice L. Russell, II, Salem, argued the cause for appellant. With him on the briefs were Churchill, Leonard, Brown & Donaldson, Salem, and Patrick R. Foley, Brookings.

John L. Hemann, Salem, argued the cause for respondent. With him on the brief were Garrett, Seideman, Hemann & Robertson, P.C., Salem, and James W. Gardner, Gold Beach.

Before Warren, Presiding Judge, and Joseph, Chief Judge,* and Edmonds, Judge.

---

* Joseph, C. J., *vice* Richardson, J.

PER CURIAM

## PER CURIAM

■  Defendant appeals a judgment that quieted title to real property in plaintiff, awarded plaintiff past due rent and dismissed defendant's counterclaims. Defendant's first two assignments of error relate to her counterclaims for a declaration of an equitable mortgage and a constructive trust, each of which must be proved by clear and convincing evidence. *See Albino v. Albino,* 279 Or 537, 550, 568 P2d 1344 (1977); *Blue River Sawmills et al v. Gates et al,* 225 Or 439, 447, 358 P2d 239 (1961). On *de novo* review, we conclude that there is no clear and convincing evidence of an equitable mortgage or a constructive trust.

■  Defendant next argues that there is no evidence to support the $5,400 judgment for past due rent.[1] Plaintiff testified that defendant and her husband paid the house loan payments of $449.89 per month to the escrow agent in lieu of rent. There is no other evidence regarding the amount of past due rent. Therefore, plaintiff is entitled only to a judgment of $4,049.01 for arrearages in rent from July 1, 1989, through March 30, 1990.

Reversed and remanded with instructions to enter amended judgment awarding plaintiff the sum of $4,049.01; otherwise affirmed.

---

[1] The trial court awarded past due rent ancillary to granting relief in the quiet title claim, an equitable proceeding. Therefore, our review is *de novo. See Wittick v. Miles,* 274 Or 1, 5, 545 P2d 121 (1976); *Cobra Building & Devel., Inc. v. City of Salem,* 59 Or App 441, 443, 651 P2d 150, *rev den* 294 Or 295 (1982).